**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **KENNETH FRAZIER, et al.,** | ) | **Case No. 1:06-CV-1797** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE SARA LIOI** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **VERIZON NORTH, INC., et al.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |
| | ) | |

Before the Court is the motion of Defendant Verizon North, Inc. ("Verizon") for Judgment on the pleadings (Docket No. 33), filed March 8, 2007. Plaintiffs Kenneth and Angelique Frazier ("Plaintiffs") filed a response on March 12, 2007 (Docket No. 34), to which Verizon filed a reply on March 23, 2007 (Docket No. 37).

For the following reasons, Verizon's motion hereby is **GRANTED**.

**I.   FACTS**

Plaintiffs filed a Complaint against Verizon and Trans Union, LLC ("Trans Union") alleging that Verizon violated the Fair Credit Reporting Act ("FCRA") and Ohio's Consumer Sales Practices Act ("CSPA"), and that Trans Union violated the FCRA, causing Plaintiffs to incur economic and emotional harm.

Plaintiffs allege that Mr. Frazier was the victim of identity theft, as a result of which a Verizon telephone account was created in his name. Upon receiving billing statements from Verizon related to this account, Plaintiffs assert that they immediately notified Verizon of

the identity theft and disclaimed all responsibility for paying the outstanding balance on the account. Verizon then turned over the delinquent account in Mr. Frazier's name to a collection agency.

Plaintiffs further allege that creditors subsequently charged them higher interest rates, and a major bank denied them a loan, allegedly all because of a Trans Union credit report which included the disputed Verizon account. After viewing a copy of Mr. Frazier's credit report from the major reporting agencies, Plaintiffs sent a dispute letter to Trans Union on April 3, 2007, regarding the outstanding Verizon account balance in Mr. Frazier's name. Trans Union never responded to that letter.

Plaintiffs allege that, as a direct and proximate result of the actions of Verizon and Trans Union, they have sustained substantial economic and emotional damages.

## II.    STANDARD OF REVIEW

The court considers a motion for judgment on the pleadings under the same standard as it considers a motion to dismiss for failure to state a claim under Rule 12(b)(6). In so doing, the court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Nieman, Inc., v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005), citing *Ziegler v. IBP Hog Market Inc.*, 249 F. 3d 509, 511-512 (6th Cir. 2001). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Penny/Ohlmann/Nieman*, 399 F.3d at 697, citing *Mixon v. Ohio*, 193 F. 3d 389, 400 (6th Cir. 1999).

### III. LAW and ANALYSIS

### A. Fair Credit Reporting Act ("FCRA"), 15 U. S. C. § 1681s-2(b)

Plaintiffs' Complaint alleges that Verizon is liable for damages Plaintiffs incurred as a result of Verizon's failure to comply with 15 U.S.C. § 1681s-2, which defines the responsibilities of furnishers of information to consumer reporting agencies.  In this case, Verizon is one such furnisher.  Specifically, Plaintiffs allege that Verizon violated § 1681s-2(b), which provides:

> (b) Duties of furnishers of information upon notice of dispute
> (1) In general
> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> (C) report the results of the investigation to the consumer reporting agency;
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly - -
>> i. modify that item of information;
>> ii. delete that item of information; or
>> iii. permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b).

Plaintiffs allege that Verizon failed to comply with § 1681s-2(b) by negligently or intentionally failing to conduct an investigation with respect to disputed information. Specifically, the Complaint asserts that upon receiving a billing statement, Plaintiffs notified

Verizon that the Verizon account in Mr. Frazier's name was a product of identity theft, it did not belong to either Plaintiff, and they therefore were not liable for the charges on the account. Plaintiffs claim that after they notified Verizon of this dispute, Verizon failed to conduct the statutorily-mandated investigation, thereby directly and proximately causing them to incur economic and emotional harm.

Verizon contends that Plaintiffs have failed to state a claim under § 1681s-2(b), because Plaintiffs do not have a private right of action under this section of the FCRA. Verizon asserts that only a credit reporting agency has a right of action under this section, and Plaintiffs are not a credit reporting agency. As such, Verizon argues that Plaintiffs' FCRA allegation must be dismissed.

The Sixth Circuit has not specifically determined that a private right of action exists under § 1681s-2(b). In considering this section of the FCRA, the Sixth Circuit has said: "if it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 853-54 (6th Cir. 2004), citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F. 3d 631, 639-40 (5th Cir. 2002). In *Downs*, the Sixth Circuit noted that the plaintiffs never alleged that they filed a dispute with a credit reporting agency, and therefore held that those plaintiffs had no claim. *Downs*, 88 Fed. Appx. at 854.

The Northern District of Ohio recently followed this practice in *Ruggiero v. Kavlich*, 411 F. Supp. 2d 734 (N.D. Ohio 2005). There, the court dismissed the plaintiff's § 1681s-2(b) claim, again concluding that, whether or not a private right of action exists under this section of the FCRA, the *Ruggiero* plaintiff's complaint both failed to allege that he gave

4

notice of his dispute to a consumer reporting agency and failed to allege that a credit reporting agency notified the furnisher of information of his dispute. That plaintiff therefore failed to trigger the furnisher's duty to undertake an investigation. As such, the court dismissed the FCRA claim. *Id.* at 736-37.

Here, the Fraziers' Complaint alleges that Plaintiffs contacted Verizon numerous times to dispute charges on an account attributed to Mr. Frazier, and that Plaintiffs sent a dispute letter to Trans Union, a credit reporting agency. Plaintiffs do not allege, however, that Verizon received notice from a credit reporting agency indicating that Mr. Frazier's credit information was disputed. Plaintiffs contend that information on this point is in the possession of Verizon and Trans Union and "should be uncovered through discovery." Plaintiffs' Response (Docket No. 34) at 8. *Downs* and *Ruggiero*, *supra*, are clear, though, that a failure to state this element of the claim is fatal to Plaintiffs' FCRA claim. For this reason, Verizon's motion for judgment on the pleadings as to Plaintiffs' FCRA claim hereby is **GRANTED**.

### B. Ohio's Consumer Sales Practices Act ("CSPA"), O. R. C. § 1345 et seq.

Plaintiffs' Complaint also alleges that Verizon is liable to Plaintiffs under Ohio's Consumer Sales Practices Act ("CSPA") for allegedly committing unfair, deceptive, and unconscionable consumer sales practices as defined by Ohio Rev. Code §§ 1345.02 and 1345.03, by attempting to collect a debt that does not exist.

Verizon moves to dismiss this allegation on two different grounds. First, Verizon argues that if the FRCA allegation is dismissed, this court need not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over the purely state law CSPA claim. Rather, this Court should dismiss the claim outright. Alternatively, Verizon argues that as a telephone company it is exempt from claims under the CSPA. Verizon argues that "consumer transactions"

as defined by Ohio Rev. Code § 1345.01(A) and § 4905.03 do not include transactions between telephone companies and their customers, and that even if the statutory definition did include such transactions, Plaintiffs are not Verizon customers.

Plaintiffs state in their response that they do not oppose Verizon's motion with respect to their CSPA claim. Verizon's motion for judgment on the pleadings as to Plaintiffs' CSPA claim therefore also is **GRANTED**.

## IV. CONCLUSION

For the foregoing reasons, Defendant Verizon North, Inc.'s Motion for Judgment on the Pleadings hereby is **GRANTED** in its entirety.

**IT IS SO ORDERED.**

Dated:  July 12, 2007                                     *s/ Sara Lioi*
                                                                    SARA LIOI
                                                                    UNITED STATES DISTRICT JUDGE